## MONTANA DAKOTA UTILITIES COMPANY v. HENRY G. HENDERSON, d.b.a. CROOKSTON HOTEL.

187 N. W. (2d) 278.

May 21, 1971—No. 42579.

*Henry G. Henderson,* pro se, for appellant.

*Padden, Dickel, Johannson & Wall* and *Kenneth Johannson,* for respondent.

Heard before Knutson, C. J., and Nelson, Peterson, Kelly, and Rolloff, JJ.

NELSON, JUSTICE.

Appeal from an order of the District Court of Polk County denying defendant's motion for a new trial.

Plaintiff, Montana Dakota Utilities Company, initiated an action against defendant, Henry G. Henderson, doing business as Crookston Hotel, to recover $840.74 owed for the sale and delivery of natural gas to the hotel for the months of March, April, and part of May 1969. Defendant answered, alleging that he had sold the hotel in March 1969 and denying the accuracy of the amount claimed to be due plaintiff. He also counterclaimed for punitive and compensatory damages, alleging plaintiff had made fraudulent representations which had induced him to pur-

chase a new gas furnace which was poorly designed and proved to be more costly than plaintiff had represented.

At trial before the court without a jury, plaintiff's Crookston division manager testified that gas had been sold and delivered to the Crookston Hotel during March, April, and part of May 1969; that defendant owned the hotel during this time; that payment had not been obtained for the gas for this period; and that the amount due was $840.74.

Defendant offered no evidence to rebut plaintiff's claim for the amount alleged to be due. Rather, he elected to proceed with his counterclaim, calling three of the hotel's former employees who testified that defendant had plaintiff install a new gas-fired furnace and a new boiler in the hotel in 1966; that the new boiler ran out of water on one occasion and the pipes froze in the hotel; that the new boiler had to be constantly refilled; that the stacks on the new furnace would overheat; and that plaintiff's employees had to come to the hotel on a number of occasions at the request of the manager to restart the furnace.

As its defense to defendant's counterclaim, plaintiff called its sales representative, Philip M. Johnston, who had sold defendant the gas furnace. Mr. Johnston testified that he had not made any representations to defendant regarding savings in fuel cost from using gas rather than coal. However, he testified, he had told defendant there would be savings in using gas because there would be no need for coal handling, ash removal, electrical power to operate a stoker, maintenance of a stoker, or periodic cleaning and decorating of the building to remove coal ash. He also testified that he had received no complaints from defendant in regard to the gas fuel cost. On cross-examination Mr. Johnston specifically denied that he had ever represented to defendant that the gas furnace would save him money in fuel consumption.

At the conclusion of the trial, the court granted judgment for plaintiff on its claim and dismissed defendant's counterclaim on the grounds that defendant had failed to prove any of his al-

legations relating to fraud and deceit. Defendant's alternative motion for amended findings or a new trial was denied.

Defendant raises numerous assignments of error on this appeal. He appeared pro se in the action below and the trial court accorded him a great deal of latitude with regard to the admissibility and relevance of his proffered evidence. Despite this, he made no showing that plaintiff's claim against him for money owed because of the Crookston Hotel's consumption of gas during March, April, and part of May 1969 was not true. On this appeal his assignments of error pertain to the trial court's dismissal of the counterclaim. However, defendant showed at trial only that difficulties were encountered with the furnace and presented no evidence to show any practice of fraud or deceit on the part of plaintiff or its employees. The assignments of error have no support in the record.

We conclude that, in the absence of any evidence to rebut plaintiff's proof with respect to the amount claimed due, and in the absence of any evidence to prove the allegations of the counterclaim, the court properly ordered judgment for plaintiff and properly dismissed the counterclaim.

Affirmed.